

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN B. HALDIMAN, Jr., as Personal
Representative for the Estate of Betty Lou
Haldiman,

Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY
COMPANY, an Illinois corporation,

Defendant-Appellee.

No.    14-16720

D.C. No. 2:13-cv-00736-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before:  CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,** District
Judge.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Ms. Betty Lou Haldiman's personal representative challenges the denial of Ms. Haldiman's motions to remand to state court and for partial summary judgment and the granting of the motions by Continental Casualty Company ("Continental") to dismiss, for summary judgment, and to exclude expert testimony. We affirm.[1]

1. As the denial of remand was not appealed, this diversity case is viewed "in the posture it had at the time of the entry of the final judgment." *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011) (quoting *Carpenters Health & Welfare Tr. Fund for Cal. v. Tri Capital Corp.*, 25 F.3d 849, 852 (9th Cir. 1994), *overruled on other grounds by S. Cal. IBEW–NECA Tr. Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920 (9th Cir. 2001)). In addition to Ms. Haldiman's claim to the policy's full benefit, her attorney's fees are considered in calculating the amount in controversy because they would have been recoverable if she had prevailed. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also* Ariz. Rev. Stat. § 12-341.01 (permitting recovery of attorney's fees "[i]n any contested action arising out of a contract"). We may also take into account the results from "similar" cases, *see Kroske v. U.S. Bank Corp.*, 432 F.3d

_____

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006), as well as possible punitive damages, which were requested and available under state law, *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Rawlings v. Apodaca*, 726 P.2d 565, 578–79 (Ariz. 1986) (permitting recovery of punitive damages in bad faith cases). In light of this, we conclude the jurisdictional threshold is met. Therefore, because the parties are diverse, the district court did not err in denying the motion to remand.

2. Ms. Haldiman failed to raise a genuine issue of material fact as to her breach-of-contract claim. The settlement agreement reached in the lawsuit in which Ms. Haldiman was a class member defined how the policy's "24-hour-a-day" supervision standard would be interpreted. It is clear that the definition was intended to govern all future cases. *See, e.g., Smith v. Melson*, *Inc.*, 659 P.2d 1264, 1266 (Ariz. 1983) ("A contract should be read in light of the parties' intentions as reflected by their language and in view of all the circumstances."). The definition is not inconsistent with the policy's other terms or Arizona law or public policy, and, thus, should be given effect. *See, e.g., Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139 (Ariz. 1993) (stating that the goal of contract interpretation is to give effect to the parties' expressed intent). Ms. Haldiman failed to produce evidence showing that she qualified for full-time benefits under

3

the definition adopted in the class-action settlement.  Accordingly, judgement to Continental was warranted.

3.  Summary judgment was also warranted on Ms. Haldiman's bad-faith claim.  Nothing in the record suggests that Continental acted unreasonably.  *See, e.g., Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (stating that a bad-faith claim exists when an "insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis'" (quoting *Noble v. Nat'l Am Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)).  Ms. Haldiman's insurance expert's opinions to the contrary were properly excluded under Fed. R. Evid. 702, and, even if considered, are insufficient to create a material issue of fact.  *See, e.g., Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1440 (9th Cir. 1995) ("'When the expert opinion is not supported by sufficient facts to validate it in the eyes of the law or when indisputable record facts contradict or otherwise render the opinion unreasonable,' summary judgment is appropriate." (quoting *Brook Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).  As a result, the district court did not err in awarding summary judgment to Continental.

4.  Ms. Haldiman's two statutory-based claims—Unfair Practices and Fraud under Ariz. Rev. Stat. § 20-443 and Exploitation of a Vulnerable Adult under Ariz. Rev. Stat. § 46-456—were also properly dismissed.  Many of the factual

4

allegations in support of the unfair-practices claim lack the requisite level of specificity. *See, e.g., Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986) ("[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."). In any event, considering the documents incorporated by reference, the complaint does not actually allege a misrepresentation. The exploitation claim fails because the amended complaint does not plausibly allege that Continental was in a "position of trust and confidence" to Ms. Haldiman. *See* Ariz. Rev. Stat. § 46-456(A).

**AFFIRMED.**[2]

---

[2] Appellant's motions for miscellaneous relief (Docs. 24 & 25), to the extent they request oral argument, are denied as moot.